IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

IN RE:                                    *

REGINALD G. HILL                          *      Case no. 06-15047-DK
DBA HILL TRANSPORTATION                          Chapter 7
                                          *

Debtor                                    *

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

RESPONSE OF ADMINISTRATIVE CLAIMANTS
TO ORDER TO SHOW CAUSE WHY CASE SHOULD
NOT BE DISMISSED FOR FAILURE
TO COMPLETE REQUIRED FILINGS

Mehlman, Greenblatt & Hare, LLC, an administrative claimant, on behalf of itself and on behalf of Richard Black, CPA and Kramon & Graham, LLC, in response to the Order to Show Case Why Case Should Not Be Dismissed For Failure To Complete Required Filings, states as follows:

1. On or about August 23, 2006, this case was commenced by the filing of a voluntary petition under chapter 11 of the Bankruptcy Code.

2. Thereafter, this case was converted to one under chapter 7 due to the debtor's failure to pay quarterly U.S. Trustee fees and to file post-confirmation reports.

3. During the Chapter 11 case, this court entered orders authorizing the employment of professionals, as follows:

    a. Constance M. Hare and Mehlman, Greenblatt & Hare, LLC, counsel for the debtor in possession (docket no. 32 entered October 19, 2006);

    b. Richard M. Black, CPA, accountant for the debtor in possession (docket no. 33 entered October 19, 2006); and

  c. George E. Brown and Kramon and Graham, P.A., special litigation counsel for the debtor in possession (docket no. 46 entered December 7, 2006).

 4. During the chapter 11 case, this court entered orders authorizing fees and expenses to the professionals, as follows:

  a. Mehlman, Greenblatt & Hare, LLC in the total amount of $72,307.21, of which $45,425.34 remains unpaid.

  b. Richard M. Black, CPA in the total amount of $20,654.13, all of which remains unpaid; and

  c. Kramon and Graham, LLP in the total amount of $4,337.50, all of which remains unpaid.

 5. These claims constitute chapter 11 administrative claims.

 6. The debtor's schedules, filed at the beginning of the chapter 11 case, reflects real property owned by the debtor and valued, as of August, 2006, at $200,000. This real property was, at the time of the filing of the case, encumbered by three liens totaling approximately $126,000. The creditors believe that this asset, due to the passage of time, is now worth significantly more than $200,000.

 7. Further, the debtor's schedules reflect certain other assets that were not claimed as exempt, including but not limited to a 1997 Thomas bus.

 8. These assets may be administered by the chapter 7 trustee and used to pay the claims of the estate, including the chapter 11 administrative claims.

 9. For the foregoing reasons, the administrative claimants believe that this case should not be dismissed, and the chapter 7 trustee should be provided with the opportunity to administer the debtor's assets for the benefit of his creditors.

WHEREFORE, the administrative claimants pray the entry of an order dissolving the show case, and for such other relief as this court finds appropriate.

/s/ Constance M. Hare
Constance M. Hare, Bar no. 22512
Gary R. Greenblatt, Bar no. 02870
MEHLMAN, GREENBLATT & HARE, LLC
723 South Charles Street, Suite LL3
Baltimore, MD 21230
(410) 547-0300 - telephone
(410) 547-7474 - telecopier

Administrative claimant, for itself and on behalf of Richard M. Black, CPA and Kramon and Graham, P.A.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of October, 2009, a copy of the foregoing Response was mailed by first class mail, postage prepaid, to:

Reginald G. Hill
106 W. Northern Parkway
Baltimore, MD 21210

Brian A. Goldman, Trustee
Goldman & Goldman, PA
36 S. Charles Street
24th Floor
Baltimore, MD 21201

Office of the U.S. Trustee
101 West Lombard Street
Suite 2625
Baltimore, MD 21201

/s/ Constance M. Hare
Constance M. Hare